Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

**SEALED BY ORDER OF THE COURT**

## United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 02 2006

at 3 o'clock and 22 min P M
SUE BEITIA, CLERK

U.S.A. vs. JONATHAN DAVID DILLS                      Docket No. CR 03-00319SOM-02

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JONATHAN DAVID DILLS who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 20th day of January 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

4. That the defendant provide the Probation Office access to any requested financial information.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

SEALED
BY ORDER OF THE COURT

**Revocation**: On 4/19/2005, supervised release was revoked for the following violations: 1) failure to follow instructions; 2) urine specimen tested positive for methamphetamine; 3) failure to comply with substance abuse treatment; and 4) refusal to comply with drug testing. The defendant was sentenced to 8 months of imprisonment and 28 months supervised release, with the following special conditions:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant provide the Probation Office access to any requested financial information.

3.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5.  That following his release from imprisonment, the defendant serve a period of community confinement in a community corrections center such as Mahoney Hale, for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office.

6.  That following his return to Hilo, Hawaii, the defendant reside and participate in a structured living program or clean and sober house, such as the Big Island Public Center until released at the direction and discretion of the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1.  That the offender failed to reside and participate in a structured living program at The Big Island Public Center from on or about 6/24/2006 to 7/5/2006 and from on or about 7/25/2006 to 7/31/2006, in violation of Special Condition No. 6.

2.  That on 7/10/2006 and 7/17/2006, the offender refused to comply with drug testing, in violation of Special Condition No. 1.

3.  That the offender failed to follow instructions issued on 7/11/2006, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on _____8/1/2006_____

_____(signed)_____
for LISA K.T. JICHA
U.S. Probation Officer

Approved by:

_____(signed)_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 31st day of July 2006, and ordered filed and made a part of the records in the above case.

*(signature)*
SUSAN OKI MOLLWAY
U.S. District Judge

Re: **DILLS, Jonathan David**
**Criminal No. CR 03-00319SOM-02**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 1: Burglary in the Second Degree, a Class D felony. On 1/20/2004, he was sentenced to time served and 3 years supervised release with the special conditions noted in the petition. His first term of supervised release began on 1/20/2004. However, on 4/19/2005, the Court revoked supervised release and imposed 8 months of imprisonment and 28 months of supervised release with the special conditions noted in the petition. The offender began his second term of supervised release on 12/13/2005.

The offender has been on supervision for approximately 7 months. At the onset of supervision, the offender was released to Mahoney Hale to serve a term of community confinement. While at Mahoney Hale, the offender appeared to be making significant progress in his adjustment to supervision by complying with the rules and regulations of Mahoney Hale, securing employment with Macaroni Grill and complying with substance abuse treatment at Freedom Recovery Services, Inc. (FRS). During this period, the offender complied with drug testing and all drug tests were negative for illicit drugs. On 6/10/2006, the offender satisfied his community correction confinement and was released to the Big Island Public Center (BIPC) in Hilo, per Special Condition No. 6.

As part of the offender's preparation for his return to Hilo, the offender signed an agreement to comply with the house rules and requirements of BIPC which included: a) no possession/use of illicit drugs or alcohol, b) comply with curfew of 11:00 p.m., and c) seek and secure employment. In addition, the agreement also instructed the offender to report for intake at Drug Addiction Services of Hawaii, Inc. (DASH) and report for random drug testing as directed by code-a-phone message, and continue to submit Monthly Supervision Reports in a timely manner. The offender was advised that if he was able to comply with the rules and requirements of BIPC and secure employment, he would be considered for an early return to his mother's residence.

It is noted that on 7/31/2006, the offender was arrested by the Hilo Police for Terroristic Threatening (TT) in the First and Second Degrees, Criminal Trespassing in the Second Degree, and Criminal Contempt of Court. As to the charge of TT in the First Degree, police reports indicate that the offender drove his vehicle to a secured gate at the Hilo Harbor. A security guard instructed the offender to proceed to a security staging area. The offender yelled and cursed at the security guard. The offender told the guard, "fuck dat, I going" and turned his vehicle toward the exit. The security guard attempted to make contact with the offender. The offender drove toward the security guard causing her to push off of the vehicle and jump out of the path of the vehicle. The police arrived and the offender told the police, " I just wanted to push her

Re: **DILLS, Jonathan David**
**Criminal No. CR 03-00319SOM-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

a little bit" and "I wanted to show her she couldn't stop my truck." The offender was arrested. As to the charge of TT in the Second Degree, the police reports indicate that after the offender's initial confrontation with the security guard, a Harbor Officer responded to the scene. The offender challenged the Harbor Officer to a fight. The offender got into a fighting stance, jumped up and down, and stated, "you wanna fight. come on I'll kick your ass." As to the Criminal Trespassing in the Second Degree charge, the police reports indicate that the offender disregarded the posted Stop sign and mandatory security checkpoint prior to entering the harbor. The offender was arrested and told the police, "I was irritated and having a bad day," "I neva see the sign," and, "once I get mad, I cannot stop myself."

At this time, the offender is in custody pending a Court appearance. Because these charges have not been adjudicated, they are not charged as a supervised release violation. Should the offender be convicted or plead guilty to these charges, we will file an amended revocation petition.

The alleged violations that serve as the basis for the requested No Bail warrant are as follows:

**Violation No. 1 - Failed to Reside in Structured Living Program**: As stated above, the offender signed an agreement to comply with the house rules and requirements of the Big Island Public Center (BIPC) prior to his return to Hilo. On 7/5/2006, during an unannounced home inspection by U.S. Probation Officer (USPO) Mark Nugent, it was learned that the offender was not residing at BIPC, although some of his belongings were still there. Follow up contact with the house manager revealed that the offender had not slept there from on or about 6/24/2006 to 7/5/2006, although he would stop by periodically to pick up clothes. Upon contacting the offender's mother's residence, the offender's mother denied that the offender had been living at her residence. Subsequently, the offender contacted this officer when he learned this officer was looking for him. The offender stated that he had been living at his mother's residence even though she had denied that he had. The offender had no reasonable explanation for failing to reside at BIPC. When questioned about employment, the offender stated that he had been picking lychee for cash and painting his mother's house for cash. The offender was advised that this was not considered employment and reminded that failing to reside at BIPC and failing to secure employment were violations of the BIPC rules and requirements, in addition to violations of supervised release. The offender was instructed to reside at BIPC and continue to job-seek until he secured employment.

Re:  **DILLS, Jonathan David**
     **Criminal No. CR 03-00319SOM-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

Nonetheless, on 7/31/2006, contact with BIPC house manager revealed that the offender had not slept at BIPC from on or about 7/25/2006 to 7/31/2006. The house manager informed that although the offender continued to keep some of his belongings at BIPC and periodically showed up, he was not keeping the house manager informed of his whereabouts or job-seeking. Furthermore, he was behind in two months of rent.

**Violation No. 2 - Refusing to Comply With Drug Testing**: On 7/10/2006, the offender refused to comply with drug testing at Drug Addiction Services of Hawaii, Inc. (DASH). When questioned about the missed drug test, the offender admitted that he had not been calling the DASH code-a-phone every day for random drug testing. The offender was verbally admonished, advised that he would have to remain in random drug testing for an additional month, and instructed to call the code-a-phone every day for random drug testing.

Nonetheless, on 7/17/2006, the offender refused to comply with drug testing at DASH. The offender has not been questioned about this missed drug test as he has not been available for supervision.

Because the offender was oriented to the drug testing protocol and had complied with drug testing on 25 occasions from 12/26/2005 to 6/22/2006, he is charged with refusing to comply with drug testing.

**Violation No. 3 - Failure to Follow Instructions Issued on 7/11/2006**: On 7/11/2006, the offender was advised that his Monthly Supervision Report (MSR) for the month of June 2006 was over due. The offender stated that he needed MSR forms and informed that they could be mailed to his mother's post office box. On 7/11/2006, MSR forms were mailed to the offender's mother's post office box, with instructions to complete the June 2006 MSR and return to our office immediately. To this date, the offender has yet to submit his June 2006 MSR.

Because the offender was oriented to the process of completing and submitting MSRs and had previously submitted MSRs from December 2005 to May 2006, he is being charged for failing to follow instructions by failing to turn in his June 2006 MSR.

Re: **DILLS, Jonathan David**
    **Criminal No. CR 03-00319SOM-02**
    **REVOCATION OF SUPERVISED RELEASE**
    **STATEMENT OF FACTS - Page 4**

Despite the attempts to afford the offender opportunities to reintegrate back into the Hilo community, the offender has failed to comply with the supervised release conditions. It is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

*for* LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

LKTJ/ct

Re:   **DILLS, Jonathan David**
      **Criminal No. CR 03-00319SOM-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To: Jonathan David Dills
Address: 909 Kaamahu Place
Honolulu, Hawaii 96817

Docket No.   CR 03-00319SOM-02

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of TWENTY-EIGHT (28) MONTHS commencing upon release from confinement (12/13/05).

While on **supervised release**, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support his or her dependents and meet other family responsibilities;

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(2) That the defendant provide the Probation Office access to any requested financial information.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    J.D. 12-15-05
JONATHAN DAVID DILLS
Defendant                                   11-18-05
                                            Date

_____             11-18-05
LISA K.T. JICHA                             Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE: DILLS, Jonathan David
Docket No. CR 03-00319SOM-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3) *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

(4) *That the defendant participate in a mental health program at the discretion and direction of the Probation Office.*

(5) *That following his release from imprisonment, the defendant serve a period of community confinement in a community corrections center such as Mahoney Hale, for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office.*

(6) *That following his return to Hilo, Hawaii, the defendant reside and participate in a structured living program or clean and sober house, such as The Big Island Public Center until released at the direction and discretion of the Probation Office.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Jonathan Dills_          J.D. 12-15-05
JONATHAN DAVID DILLS            11-18-05
Defendant                         Date

_Lisa Jicha_                      11-18-05
LISA K.T. JICHA                   Date
U.S. Probation Officer