Prob 12C Amended 2
(Rev. 3/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 21 2007

at 10 o'clock and 70 min A M
SUE BEITIA, CLERK

U.S.A. vs. JONATHAN DAVID DILLS          Docket No. CR 03-00319SOM-02

### AMENDED REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JONATHAN DAVID DILLS who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 20th day of January 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

4. That the defendant provide the Probation Office access to any requested financial information.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

**Revocation**: On 4/19/2005, supervised release was revoked for the following violations: 1) failure to follow instructions; 2) urine specimen tested positive for methamphetamine; 3) failure to comply with substance abuse treatment; and 4) refusal to comply with drug testing. The defendant was sentenced to 8 months of imprisonment and 28 months supervised release, with the following special conditions:



SEALED BY ORDER OF THE COURT

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That following his release from imprisonment, the defendant serve a period of community confinement in a community corrections center such as Mahoney Hale, for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office.

6. That following his return to Hilo, Hawaii, the defendant reside and participate in a structured living program or clean and sober house, such as the Big Island Public Center until released at the direction and discretion of the Probation Office.

**Probation Warrant Issued:** On 8/2/2006, the Court issued a violation of probation warrant for the offender's arrest based on Violation Nos. 1 to 3.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the petition for Request for Course of Action dated 8/1/2006, and filed on 8/2/2006, be amended to include Violation Nos. 1 to 4 as follows:

1. That the offender failed to reside and participate in a structured living program at The Big Island Public Center from on or about 6/24/2006 to 7/5/2006, and from on or about 7/25/2006 to 7/31/2006, in violation of Special Condition No. 6.

2. That on 7/10/2006 and 7/17/2006, the offender refused to comply with drug testing, in violation of Special Condition No. 1.

3. That the offender failed to follow instructions issued on 7/11/2006, in violation of Standard Condition No. 3.

Prob 12C- Amended 2
(Rev. 3/06 D/HI)

3

4. On 5/9/2007, the offender pled guilty in the State of Hawaii, Third Circuit Court, Terroristic Threatening in the First, a Class C felony, in violation of Hawaii Revised Statutes (HRS) § 707-0716; Terroristic Threatening in the Second Degree, a misdemeanor, in violation of Hawaii Revised Statutes (HRS) § 707-0717; and Criminal Trespassing in the Second Degree, a petty misdemeanor, in violation of Hawaii Revised Statutes (HRS) § 708-0814; all in violation of General Condition.

Based on the above, the U.S. Probation Officer recommends that the Request for Action dated 8/1/2006, and filed on 8/2/2006, be amended to include Violation Nos. 1 to 4.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Request for Course of Action dated 8/1/2006, and filed on 8/2/2006, be amended to include Violation Nos. 1 to 4 and that the offender be brought before the Court to show cause why supervision should not be revoked. This Petition is to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  5/21/07

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C- Amended 2
(Rev. 3/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action dated 8/1/2006, and filed on 8/2/2006, be amended to include Violation Nos. 1 to 4 and that the offender be brought before the Court to show cause why supervision should not be revoked. This Petition is to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 21st day of May, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:     **DILLS, Jonathan David**
        **Criminal No. CR 03-00319SOM-02**
        **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Count 1: Burglary in the Second Degree, a Class D felony. On 1/20/2004, he was sentenced to time served and 3 years supervised release with the special conditions noted in the petition. His first term of supervised release began on 1/20/2004. However, on 4/19/2005, the Court revoked supervised release and imposed 8 months of imprisonment and 28 months of supervised release with the special conditions noted in the petition. The offender began his second term of supervised release on 12/13/2005.

The offender was on supervision for approximately 7 months. At the onset of supervision, the offender was released to Mahoney Hale to serve a term of community confinement. While at Mahoney Hale, the offender appeared to be making significant progress in his adjustment to supervision by complying with the rules and regulations of Mahoney Hale, securing employment with Macaroni Grill and complying with substance abuse treatment at Freedom Recovery Services, Inc. (FRS). During this period, the offender complied with drug testing and all drug tests were negative for illicit drugs. On 6/10/2006, the offender satisfied his community correction confinement and was released to the Big Island Public Center (BIPC) in Hilo, per Special Condition No. 6.

As part of the offender's preparation for his return to Hilo, the offender signed an agreement to comply with the house rules and requirements of BIPC which included: a) no possession/use of illicit drugs or alcohol, b) comply with curfew of 11:00 p.m., and c) seek and secure employment. In addition, the agreement also instructed the offender to report for intake at Drug Addiction Services of Hawaii, Inc. (DASH) and report for random drug testing as directed by code-a-phone message, and continue to submit Monthly Supervision Reports in a timely manner. It is noted that drug testing at DASH was part of his substance abuse treatment regimen. In this regards, the offender participated in the counseling component and drug testing at FRS in Honolulu prior to his relocation to Hilo. Drug testing at DASH Hilo was a continuation of treatment regimen that began in Honolulu. The offender was advised that if he was able to comply with the rules and requirements of BIPC and secure employment, he would be considered for an early return to his mother's residence.

On 7/31/2006, the offender was arrested by the Hilo Police for Terroristic Threatening (TT) in the First and Second Degrees, Criminal Trespassing in the Second Degree, and Criminal Contempt of Court. On 8/1/2006, a Request for Course of Action was filed in which Violation Nos. 1 through 3 were alleged. Subsequent to the aforementioned arrest, the offender was detained in state custody. In light of his detention and pending sentencing in Third Circuit Court, the No Bail warrant issued pursuant to the revocation petition was lodged as a detainer. On 5/9/2007, the offender

Re:   **DILLS, Jonathan David**
      **Criminal No. CR 03-00319SOM-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

pled guilty to the above stated charges and was sentenced as follows: TT1, 1 year imprisonment, to run concurrently and 5 years probation to run concurrently; TT2, 6 months imprisonment, to run concurrently and 1 year probation to run concurrently; and Criminal Trespass 2, 5 days imprisonment and 6 months probation to run concurrently. The offender satisfied the state imprisonment term on 5/9/2007. The violations are as follows:

**Violation No. 1 - Failed to Reside in Structured Living Program:** As stated above, the offender signed an agreement to comply with the house rules and requirements of the Big Island Public Center (BIPC). On 7/5/2006, during an unannounced home inspection by U.S. Probation Officer (USPO) Mark Nugent, it was learned that the offender was not residing at BIPC, although some of his belongings were still there. Follow up contact with the house manager revealed that the offender had not slept there from on or about 6/24/2006 to 7/5/2006, although he would stop by periodically to pick up clothes. Upon contacting the offender's mother's residence, the offender's mother denied that the offender had been living at her residence. Subsequently, the offender contacted this officer when he learned this officer was looking for him. The offender stated that he had been living at his mother's residence even though she had denied this when questioned by this officer. The offender had no reasonable explanation for failing to reside at BIPC. When questioned about employment, the offender stated that he had been picking lychee for cash and painting his mother's house for cash. The offender was advised that this was not considered employment and reminded that failing to reside at BIPC and failing to secure employment were violations of the BIPC rules and requirements, in addition to violations of supervised release. The offender was instructed to reside at BIPC and continue to job-seek until he secured employment.

Nonetheless, on 7/31/2006, contact with BIPC house manager revealed that the offender had not slept at BIPC from on or about 7/25/2006 to 7/31/2006. The house manager informed that although the offender continued to keep some of his belongings at BIPC and periodically showed up, he was not keeping the house manager informed of his whereabouts or job-seeking. Furthermore, he was behind in two months of rent.

**Violation No. 2 - Refusing to Comply With Drug Testing:** On 7/10/2006, the offender refused to comply with drug testing at Drug Addiction Services of Hawaii, Inc. (DASH). Drug testing was part of his substance abuse treatment regimen. When questioned about the missed drug test, the offender admitted that he had not been calling the DASH code-a-phone every day for drug testing. The offender was verbally admonished, advised that he would have to remain in drug testing for an additional month, and instructed to call the code-a-phone every day for drug testing.

Re:   **DILLS, Jonathan David**
**Criminal No. CR 03-00319SOM-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

Nonetheless, on 7/17/2006, the offender refused to comply with drug testing at DASH. The offender has not been questioned about this missed drug test as he has not been available for supervision.

Because the offender was oriented to the drug testing protocol and had complied with drug testing on 25 occasions from 12/26/2005 to 6/22/2006, he is charged with refusing to comply with drug testing.

**Violation No. 3 - Failure to Follow Instructions Issued on 7/11/2006:** On 7/11/2006, the offender was advised that his Monthly Supervision Report (MSR) for the month of June 2006 was overdue. The offender stated that he needed MSR forms and informed that they could be mailed to his mother's post office box. On 7/11/2006, MSR forms were mailed to the offender's mother's post office box, with instructions to complete the June 2006 MSR and return to our office immediately. To this date, the offender has yet to submit his June 2006 MSR.

Because the offender was oriented to the process of completing and submitting MSRs and had previously submitted MSRs from December 2005 to May 2006, he is being charged for failing to follow instructions by failing to turn in his June 2006 MSR.

**Violation No. 4 - The Offender Pled Guilty to Terroristic Threatening (TT) in the First and Second Degrees, Criminal Trespassing in the Second Degree, and Criminal Contempt of Court:** According to Police Report No. C06023835, on 7/31/2006, at approximately 2:48 p.m., the offender was arrested by the Hilo Police for Terroristic Threatening (TT) in the First and Second Degrees, Criminal Trespassing in the Second Degree, and Criminal Contempt of Court. As to the charge of TT in the First Degree, police reports indicate that the offender drove his vehicle to a secured gate at the Hilo Harbor, located at 80 Kuhio Street. A security guard instructed the offender to proceed to a security staging area. The offender yelled and cursed at the security guard. The offender told the guard, "fuck dat, I going," and turned his vehicle toward the exit. The security guard attempted to make contact with the offender. The offender drove toward the security guard causing her to push off of the vehicle and jump out of the path of the vehicle. The police arrived, and the offender told the police, "I just wanted to push her a little bit," and "I wanted to show her she couldn't stop my truck." The offender was arrested.

Re:  **DILLS, Jonathan David**
     **Criminal No. CR 03-00319SOM-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

As to the charge of TT in the Second Degree, the police reports indicate that after the offender's initial confrontation with the security guard, a Harbor Officer responded to the scene. The offender challenged the Harbor Officer to a fight. The offender got into a fighting stance, jumped up and down, and stated, "you wanna fight, come on I'll kick your ass."

As to the Criminal Trespassing in the Second Degree charge, the police reports indicate that the offender disregarded the posted Stop sign and mandatory security checkpoint prior to entering the harbor. The offender was arrested and told the police, "I was irritated and having a bad day," "I neva see the sign," and, "once I get mad, I cannot stop myself."

It is respectfully recommended that the Request for Course of Action that was filed on 8/2/2006, be amended to include Violation Nos. 1 to 4, and that the offender appear before the Court to show cause why supervision should not be revoked.

                                          Respectfully submitted by,

                                          _____
                                          LISA K.T. JICHA
                                          U.S. Probation Officer

Approved by:

_____
Gene DeMello, Jr.
Supervising U.S. Probation Officer


LKTJ/ct

Re:   **DILLS, Jonathan David**
      **Criminal No. CR 03-00319SOM-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.